```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

HARTFORD ACCIDENT AND )
INDEMNITY COMPANY, et al., )
    Appellants/Cross-Appellants )
                                         )
v. ) Civil Action No. 06-0891
                                         )
AMERICAN CAPITAL EQUIPMENT, )
et al., )
    Appellees/Cross-Appellants )

MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                               August 25, 2006

      This case is a consolidation of several appeals from two different orders of the United States Bankruptcy Court for the Western District of Pennsylvania.  At civil action numbers 06-0891 and 06-892 the Insurers appeal from the bankruptcy court's June 9, 2006 order denying their motion to dismiss the bankruptcy case on the grounds of bad faith.  In civil action number 06-0917 a Debtor seeks leave to cross-appeal an August 15, 2005 ruling by the bankruptcy court granting the Insurers standing to participate in plan confirmation procedures.  And in civil action number 06-1016 an Asbestos Claimant appeals that same order. These latter three cases were closed and consolidated under lead case 06-891 by order dated August 4, 2006.

There are numerous motions pending[1]:

(1) The Insurers' motions for leave to appeal from the June 9, 2006 bankruptcy court order [06-0891, doc. no. 1, att. no. 7; 06-0892, doc. no. 1, att. no. 7].

(2) The Debtors' motions to dismiss those appeals for lack of appellate standing [06-0891, doc. no. 17; 06-0892, doc. no. 12].

(3) Debtor's motion for leave to file a cross appeal from the August 15, 2004 order [06-0917, doc. no. 1, att. no. 26].

(4) The Insurers' motions to dismiss the cross appeals of the Debtor and Asbestos Claimant due to procedural and jurisdictional defects [06-0917, doc. nos. 21 and 22; 06-1016, doc. nos. 3 and 4].

This memorandum will dispose of each of these pending motions.

In short, we find that the Insurers do not need leave to appeal from the June 9, 2006 order because it is a final order. We deny the Debtors' motions to dismiss those appeals, finding that the Insurers have appellate standing. The appeals from the June 9th order will proceed. We deny Debtor's motion for leave

---

[1] Although all filings are now made in the 06-0891 case, the pending motions were filed before consolidation was complete. Therefore, we have identified the original docket numbers from the four original civil actions.

to file a cross appeal from the August 15, 2004 order, however, we will review that order under the doctrine of pendent appellate jurisdiction.  Because we rely on that doctrine, we deny the Insurers' motions to dismiss the cross appeals due to procedural defects.  The appeals from the August 15, 2004 order will proceed to the extent that they relate to the issue of the Insurers' standing to move to dismiss the bankruptcy case.

I.  BACKGROUND

The parties are familiar with the facts of the underlying bankruptcy case, which need not be restated here.  Such facts can be found in two previous opinions of this court filed in Civil Action Numbers 05-0048 and 05-0246.  In this case, the parties have appealed two orders of the bankruptcy court - an August 15, 2005 order and a June 9, 2006 order.

   A.  The August 15, 2005 Order

On August 15, 2005, at a confirmation hearing, the bankruptcy court orally ruled that the Insurers have standing to participate in plan confirmation proceedings.  Aug. 15, 2005 Proceeding Memo ("Nature of Proceeding: Hearing Regarding Issue of the Standing of [Insurers] to Participate in the Plan Confirmation Hearing"); Aug. 15, 2005 Trans. at pp. 9, 19, 39. The court reasoned that because the proposed plan relied

exclusively on insurance companies for funding, "in this set of facts and this set of facts only, the insurance companies have standing". Aug. 15, 2005 Trans. at p. 9.

    B.    <u>The June 9, 2006 Order</u>

On June 9, 2006, the bankruptcy court issued a written order denying the Insurers' motion to dismiss the bankruptcy case on the ground of bad faith. In short, the Insurers alleged that the Debtor was acting in bad faith by allowing defective asbestos claims to be allowed in exchange for a percentage of the insurance proceeds to be paid to the asbestos claimants. The bankruptcy court heard argument on the motion at hearings held in January and May of 2006.

At the last hearing on the motion, the bankruptcy court indicated that it intended to hold the motion to dismiss in abeyance. One of the Insurers urged the court to instead deny the motion to dismiss so that it could immediately pursue an appeal. In response, the court issued the June 9, 2006 order in which it denied the motion to dismiss for the reasons stated on the record. The bankruptcy judge also certified the order for interlocutory appeal, in the event that the order was later deemed non-final.

II.  LEGAL AUTHORITY

    A.  Appellate Jurisdiction

        1.  Final and Interlocutory Orders

A party may appeal, as of right, to the district court from final orders of the bankruptcy court.  28 U.S.C.A. § 158(a)(1).  The Court of Appeals for the Third Circuit has held that an order denying a motion to dismiss a Chapter 11 case is a "final" order within the meaning of 28 U.S.C.A. § 158(a)(1).  In re Brown, 916 F.2d 120, 124 & n.8 (3d Cir. 1990).

Parties may seek leave of the district court to appeal interlocutory orders. 28 U.S.C.A. § 158(a)(3).  Appeal from an interlocutory order is proper if: (1) the order "involves a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion"; and (3) "an immediate appeal may materially advance the ultimate termination of the litigation."  28 U.S.C.A. § 1292(b); Santana Products, Inc. v. Bobrick Washroom Equipment, Inc., 401 F.3d 123, 130 & n.10 (3d Cir. 2005); In re Bertoli, 812 F.2d 136, 137 (3d Cir. 1987).

## 2. Pendent Appellate Jurisdiction

"The doctrine of pendent appellate jurisdiction, in its broadest formulation, allows an appellate court in its discretion to exercise jurisdiction over issues that are not independently appealable but that are intertwined with issues over which the appellate court properly and independently exercises its jurisdiction." Palcko v. Airborne Express, Inc., 372 F.3d 588, 594 (3d Cir. 2004) (citing E.I. DuPont de Nemours and Co. v. Rhone Poulenc Fiber and Resin Intermediates, S.A.S., 269 F.3d 187, 202-03 (3d Cir. 2001)). It is appropriate to exercise pendent appellate jurisdiction where an appellate ruling on one order is inextricably intertwined with appellate resolution of another order, such that plenary review is necessary. DuPont, 269 F.3d at 203.

## B. Appellate Standing

The Court of Appeals for the Third Circuit has repeatedly emphasized that appellate standing in bankruptcy cases is limited to "person[s] aggrieved." In re PWS Holding Corp., 228 F.3d 224, 249 (3d Cir. 2000) (citing Travelers Ins. Co. v. H.K. Porter Co., Inc., 45 F.3d 737, 741 (3d Cir. 1995)). A person is aggrieved only if the bankruptcy court's order "diminishes their property, increases their burdens, or impairs their rights." In re Dykes, 10 F.3d 184, 187 (3d Cir. 1993) (citation omitted). Thus, only

6

those "whose rights or interests are directly and adversely affected pecuniarily" by an order of the bankruptcy court may bring an appeal. Id. (internal quotation marks and citation omitted). The "person aggrieved" standard is more stringent than the constitutional test for standing and is not the same as the "party in interest" standard that governs standing to participate in bankruptcy court proceedings. 11 U.S.C.A. § 1109(b); PWS Holding, 228 F.3d at 248-49; In re O'Brien Envtl. Energy, Inc., 181 F.3d 527, 530 (3d Cir. 1999).

III. DISCUSSION

    A.    Appeal of the June 9, 2006[2] Order

        1.    Leave not Necessary

The June 9, 2006 order denied the Insurers' motion to dismiss the Debtors' bankruptcy case on the ground of bad faith. An order denying a motion to dismiss a Chapter 11 case is a "final" order. In re Brown, 916 F.2d at 124. As such, the Insurers do not need leave to appeal from that order. They sought leave only out of an abundance of caution. Out of that same abundance of caution, we alternatively find that the Insurers have met the standard to appeal from an interlocutory

---

[2] We have discussed these two orders in reverse chronological order because, under the circumstances of the case, without a valid appeal pending on the June 9, 2006 order, there would be no basis for the court to hear an appeal of the August 15, 2005 order.

7

order.

The Insurers' motion to dismiss alleged that the bankruptcy proceedings were no longer being prosecuted in good faith. The good faith basis of a Debtor's bankruptcy case is fundamental. Therefore, we find that a determination of that issue is a controlling question of law as to the continuation of the bankruptcy case. We also find that there is a substantial ground for difference of opinion as to this question of law. Whether the Debtors are proceeding in good faith by seeking to maximize insurance coverage under the unique facts of this case is a question open to legal and factual debate. Finally, we find that an immediate appeal will materially advance termination of the matter. There can be little sincere debate as to whether determining if the bankruptcy case should be dismissed for bad faith will advance termination of the case.

Therefore, although we find that leave to appeal an interlocutory order is not necessary because the June 9th order is final, were leave required, we would grant it.


2. <u>Insurers have Appellate Standing</u>

The Insurers are "person's aggrieved" and have appellate standing. As a result of the June 9, 2006 order, the Insurers must continue their participation in the bankruptcy case, and the insurance coverage adversary proceeding related thereto.

Further, they continue to be subject to what they believe to be an insurance coverage scam, and to a large potential payout under the policies. Their burdens are increased by having to continue to participate in, and attempt to stop, this alleged scheme. They seek to appeal from the denial of their own motion to dismiss. We find that they have appellate standing.

Although the bankruptcy court's finding that the Insurers are "parties in interest" does not control our determination of whether they are "persons aggrieved", it does inform it. The Insurers' were found to be interested in the bankruptcy proceedings because they were the sole financiers of the proposed plan. This is the same interest that is effected by the bankruptcy court's refusal to dismiss the bankruptcy case on the ground that it has become a scam designed to obtain insurance proceeds to which the Debtors are allegedly not entitled.

The Insurers are not tangential participants in the bankruptcy case - they are the sole pocketbook into which the Debtors intend to reach to implement their plan. The bankruptcy court recognized this in granting the Insurers standing to participate in the plan confirmation process. We recognize it in finding that the Insurers have appellate standing to appeal the June 9, 2006 order denying their motion to dismiss. In the unique circumstances of this case, the Debtors cannot have it both ways -- reaching with one hand into the Insurers' pockets

and holding the door to the courthouse shut with the other.

  B. <u>Appeal of the August 15, 2005 Order</u>

  On August 15, 2005, the court determined that the Insurers had standing to participate in plan confirmation proceedings. The court found, not surprisingly, that the only entities that had any potential financial liability under the proposed plan had a right to be heard on the issue of whether the court should confirm the plan. The court explicitly limited its ruling to the unique facts of this case, where the Debtor has essentially been liquidated, but seeks to maximize insurance coverage for asbestos claimants in exchange for a percentage of any insurance proceeds actually paid. The August 15th order is interlocutory. The Debtor did not seek leave to appeal that order until July 11, 2006. We find that Debtor's motion is untimely, making the order unappealable. 28 U.S.C.A. § 1292(b). Therefore, Debtor's motion for leave to file an appeal must be denied.

  However, we will entertain Debtor's appeal from the August 15, 2005 order because the issues are sufficiently intertwined with our review of the June 9, 2006 order to justify our exercise of pendent appellate jurisdiction. The issue decided on August 15, 2005, <u>i.e.</u>, the Insurers' standing to participate in the bankruptcy case under 11 U.S.C.A. § 1109(b), is inextricably intertwined with one of the issues that will need to be addressed

in reviewing the propriety of the June 9, 2006 order denying the Insurers' motion to dismiss, i.e., whether the Insurers had standing to seek dismissal of the bankruptcy case under 11 U.S.C.A. § 1112(b)(1).

We reach this conclusion even though it is not automatically true that a "party in interest" for purposes of section 1109(b) is a party in interest for all purposes under the Bankruptcy Code. In re Amtex Corp., 755 F.2d 1034, 1042 (3d Cir. 1985). In the August 15, 2005 order, the bankruptcy court implicitly found that the Insurers were "parties in interest" under section 1109(b), because they were the only source of financing for the proposed plan. The Insurers must also be "parties in interest" in order to seek dismissal under 11 U.S.C.A. § 1112(b)(1). The same pecuniary interest recognized by the bankruptcy court is affected by the Debtors' alleged bad faith use of the bankruptcy process to confirm a plan that is purported to be nothing more than a scheme to obtain insurance coverage not otherwise available to the Debtors. Therefore, these two issues of standing are inextricable intertwined, making plenary review necessary, and appropriate.

## IV. CONCLUSION

For the foregoing reasons, both appeals will proceed in this court in accordance with a consolidated briefing schedule to be set by the court.

```
                  IN THE UNITED STATES DISTRICT COURT
               FOR THE WESTERN DISTRICT OF PENNSYLVANIA


HARTFORD ACCIDENT AND              )
INDEMNITY COMPANY, et al.,         )
     Appellants/Cross-Appellants   )
                                   )
v.                                 )  Civil Action No. 06-0891
                                   )
AMERICAN CAPITAL EQUIPMENT,        )
et al.,                            )
     Appellees/Cross-Appellants    )
```

ORDER

Therefore, this 25th day of August, 2006,

IT IS HEREBY ORDERED that the Insurers' motions for leave to appeal from the June 9, 2006 bankruptcy court order (06-0891, doc. no. 1, att. no. 7; 06-0892, doc. no. 1, att. no. 7) are GRANTED;

IT IS FURTHER ORDERED that the Debtors' motions to dismiss those appeals for lack of appellate standing (06-0891, doc. no. 17; 06-0892, doc. no. 12) are DENIED;

IT IS FURTHER ORDERED that Debtor's motion for leave to file a cross appeal from the August 15, 2004 order (06-0917, doc. no. 1, att. no. 26) is DENIED, but that jurisdiction will be exercised over that order under the doctrine of pendent appellate jurisdiction; and

IT IS FURTHER ORDERED that the Insurers' motions to dismiss the cross appeals of the Debtor and Asbestos Claimant due to procedural and jurisdictional defects (06-0917, doc. nos. 21 and

IT IS FURTHER ORDERED that the Insurers' motions to dismiss the cross appeals of the Debtor and Asbestos Claimant due to procedural and jurisdictional defects (06-0917, doc. nos. 21 and 22; 06-1016, doc. nos. 3 and 4) are DENIED.

BY THE COURT:

_____, J.

cc:  All Counsel of Record